MATTER OF W—

In VISA PETITION Proceedings

A-12094371

*Decided by Board February 24, 1961*

Illegitimate child—Legitimation in Surinam—Requires marriage of natural parents.

Petition by natural father to confer third preference status on child born out of wedlock in Surinam is denied in the absence of evidence showing that the child has been legitimated or adopted within section 101(b)(1) of the Immigration and Nationality Act. Under the civil law of Surinam, formal acknowledgment or recognition is not equivalent to legitimation which requires the marriage of the natural parents.

## BEFORE THE BOARD

DISCUSSION: The case comes forward on appeal from the order of the District Director, New York District, dated November 1, 1960, denying the visa petition for the reason that the beneficiary is not a "child" as defined in section 101(b)(1) of the Immigration and Nationality Act in that she is not a legitimate child since the petitioner was never married to her mother, nor was the beneficiary otherwise legitimated in accordance with the terms of section 101 (b)(1)(C) of said Act.

The petitioner, a native and citizen of Surinam, 41 years old, male, a permanent resident alien, seeks preference status under section 203(a)(3) of the Immigration and Nationality Act on behalf of the beneficiary, who was born in Paramaribo, Surinam, on February 21, 1947.

The documents submitted disclose that the beneficiary was born out of wedlock; that she was recognized on October 20, 1947, first by her mother and then by her father, the petitioner; and that in accordance with the Surinam Civil Law the beneficiary was recognized as a legally recognized child of whom the guardianship remained with the mother in accordance with Article 405, paragraph 2, of the aforementioned law. Another document shows that in the Civil Register of Births for Paramaribo, both the father and the mother acknowledged the beneficiary as their natural child on October 20, 1947. The natural parents of the beneficiary never married

each other but the natural father married another woman in Paramaribo, Surinam, on February 2, 1959.

The petitioner submitted a statement dated July 19, 1960, from a member of the bar of the Surinam Court of Justice who, after reciting the facts of the birth and acknowledgment, states that according to Article 405 of the Surinam Civil Code a minor not born out of marriage or not legitimated by subsequent marriage of his parents stands under guardianship of the parent that acknowledges the child first; that in the present case the mother, therefore, has the guardianship of the minor beneficiary; that the father does not have the guardianship of the child; that according to Article 325 of the Surinam Civil Code, a child not born out of marriage can be legitimated by the subsequent marriage of its parents when the parents before their marriage acknowledged the child as their child but that this Article is not applicable in the present case (presumably, because the natural parents were never subsequently intermarried).

It appears, therefore, that the beneficiary is the illegitimate child of her father, the petitioner, and has never been legitimated. The petitioner, in connection with the appeal, states that the acknowledgment under the laws of Surinam is equivalent to her being his child ever more than would be the case of a legal adoption in the United States. However, while this may be true for the purpose of giving the child the right to the petitioner's surname and for inheritance purposes, it is apparent that under the opinion of law submitted by the petitioner the child was and remains illegitimate. There has been no evidence submitted that the child was ever adopted by the petitioner so that she might be considered under section 101 (b)(1)(E) of the Immigration and Nationality Act. The appeal from the denial of the visa petition must be dismissed on the ground that the beneficiary fails to qualify as a child as defined in section 101(b)(1) of the Immigration and Nationality Act as a legitimate, legitimated, or an adopted child.

ORDER: It is ordered that the appeal be and the same is hereby dismissed.